EASTERN SANDS, INC. y FRANCISCO RINCÓN, demandantes, *v.* ROIG COMMERCIAL BANK, demandado; TURTLE ASSOCIATES, ETC., demandados de coparte y peticionarios.

Número: CC-98-255          Resuelto: 30 de junio de 1998

---

*Álvarez Figueredo v. González Lamela*, 134 D.P.R. 374 (1993); *Toledo Maldonado v. Cartagena Ortiz*, 132 D.P.R. 249 (1992).

*José Manuel Urrutia Vélez*, de *Woods & Woods*, abogado de la parte peticionaria; *Douglas P. Sánchez Cortés*, abogado de la parte demandada.

## PER CURIAM:

### (Regla 50)

El 6 de abril de 1998 los peticionarios, Turtle Associates, Milton E. Martínez, la sociedad legal de gananciales que tiene con su esposa y el Bufete Woods & Woods solicitaron ante nos la revisión de un dictamen emitido el 23 de febrero de 1998 y notificado el 6 de marzo del año en curso por el Tribunal de Circuito de Apelaciones, mediante el cual dicho foro modificó una sentencia parcial del Tribunal de Primera Instancia, Sala de Humacao. El foro de instancia había desestimado la demanda de daños instada por Eastern Sands, Inc. y Francisco Rincón contra los peticionarios y contra Roig Commercial Bank, al igual que la demanda de coparte de éste contra Turtle Associates, Bufete Woods & Woods y Milton E. Martínez. El foro apelativo confirmó la desestimación de la demanda referida contra los peticionarios, pero resolvió que no procedía la desestimación de la demanda referida contra Roig Commercial Bank ni la desestimación de la demanda de coparte de éste contra los peticionarios. Los peticionarios aducen ante nos que erró dicho foro al revocar el dictamen de la sentencia

de instancia que desestimaba la demanda de coparte contra ellos.

El 16 de abril de 1998 compareció ante nos Roig Commercial Bank por conducto de su representación legal y se opuso a la expedición del *certiorari* solicitado por los peticionarios. Adujo, en lo pertinente, que el recurso referido no había sido notificado conforme lo dispone el Reglamento de este Tribunal. Indicó específicamente que su copia del recurso fue enviada por correo *ordinario* con matasellos de 6 de abril de 1998, que fue el mismo día en que se presentó dicho recurso ante nos y que era la fecha final para ello. Alegó, por lo tanto, que el recurso fue notificado fuera del término jurisdiccional de treinta (30) días, porque fue recibido pasado ese término. Acompañó un *exhibit* acreditativo de que la notificación se hizo por correo ordinario según indicado.

Examinada la solicitud de *certiorari* ante nos y la oposición a ésta, pasamos a resolver al amparo de lo dispuesto en la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A.

I

El problema de notificación indebida que plantea el recurrido en el caso de autos es una dificultad que hemos estado encarando con alguna frecuencia recientemente. Por ello, hemos decidido aprovechar esta ocasión para pautar el asunto definitivamente y advertirle a la profesión jurídica respecto a la norma vigente sobre el particular.

La Regla 39 del Reglamento vigente de este Tribunal, 4 L.P.R.A. Ap. XXI-A, que entró en vigor el *1ro de mayo de 1996* y que recibió amplia divulgación en el país, dispone de *modo claro y expreso* que la notificación de recursos como el de autos "se efectuará por *correo certificado con acuse de recibo* o mediante un servicio similar de entrega personal con acuse de recibo". (Énfasis suplido.) Íd.

Dispone, además, que cuando la notificación se hace por correo certificado con acuse de recibo, "[l]a fecha del depósito en el correo se considerará como la fecha de la notificación a las partes". Íd.

El método de notificación a las partes de la Regla 39 vigente, *supra,* representa un cambio sustancial de lo que se disponía anteriormente en nuestro Reglamento. Hasta 1994 la regla de este Foro correspondiente a la notificación del recurso de *certiorari* ordenaba que dicha notificación se haría a las demás partes conforme lo dispuesto en la Regla 53.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Pero en el reglamento promulgado en enero de 1995, y otra vez en el reglamento que entró en vigor el 1ro de mayo de 1996, que está vigente, la regla correspondiente sobre notificación del recurso de *certiorari* ha dispuesto de modo inequívoco que cuando la notificación se hace por correo, *deberá hacerse por correo certificado con acuse de recibo.*

La razón de ser del requisito vigente la anticipamos en *Ramos v. Condominio Diplomat,* 117 D.P.R. 641 (1986). Señalamos allí que la buena práctica forense aconsejaba el uso del correo certificado porque éste era el medio fehaciente de establecer la fecha del depósito en el correo. De este modo queda establecida cumplidamente y sin lugar a dudas la fecha en que se perfeccionó la notificación.

En vista del claro tenor de la Regla 39 de nuestro Reglamento actual, *supra,* debemos concluir que en el caso de autos no se perfeccionó la notificación del recurso solicitado según correspondía, por lo cual éste no debe acogerse.

Por los fundamentos expuestos, pues, *se deniega la solicitud de la parte peticionaria.*

La Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Hernández Denton no intervinieron.