EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Andrés Cirilo Encarnación, Carmen Iris Ramos Ramos y la sociedad de gananciales compuesta por ambos<br>     Recurridos<br><br>          v.<br><br>Primitivo (Tito) Santiago Sánchez, Judith Báez Meléndez y la sociedad De gananciales compuesta por ambos<br>     Peticionarios | Certiorari<br><br>2001 TSPR 23 |

Número del Caso: CC-2000-597

Fecha: 27/febrero/2001

Tribunal de Circuito de Apelaciones:

          Circuito Regional VII

Juez Ponente:

          Hon. Efraín E. Rivera Pérez

Abogado de la Parte Peticionaria:

          Lcdo. Elí B. Arroyo

Abogado de la Parte Recurrida:

          Lcdo. Genaro Rodríguez Gerena

Materia: Daños y Perjuicios

     Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Andrés Cirilo Encarnación,
Carmen Iris Ramos Ramos y
la sociedad de gananciales
compuesta por ambos

     Recurridos

        v.                                CC-2000-597

Primitivo(Tito)Santiago Sánchez,
Judith Báez Meléndez y la
sociedad de gananciales
compuesta por ambos

     Peticionarios

SENTENCIA
(REGLA 50)

San Juan, Puerto Rico a 27 de Febrero de 2001

El 5 de julio de 2000, la parte demandada peticionaria, el Sr. Primitivo Santiago Sánchez y otros, mediante la presentación de un auto de certiorari, nos solicita que revisemos la sentencia dictada por el Tribunal de Circuito de Apelaciones el 16 de mayo de 2000.[1] Mediante esta sentencia se desestimó el recurso de apelación presentado por dicha parte por supuestamente no haber notificado a la parte demandante apelada una copia completa y

---

[1] La parte peticionaria presentó oportunamente una moción de reconsideración que fue denegada el 2 de junio y modificada el 7 de junio de 2000.

legible del escrito de apelación dentro del término jurisdiccional provisto por la ley y los reglamentos. El 15 de septiembre la Segunda Sala Especial de Verano[2] denegó la expedición del certiorari.[3] La parte demandada peticionaria solicitó reconsideración a la cual se opuso la parte demandante recurrida.

Con el beneficio de la comparecencia de ambas partes y al amparo de la Regla 50 del Reglamento del Tribunal Supremo expedimos en reconsideración el recurso y revocamos la sentencia desestimatoria recurrida.

A continuación narramos los hechos pertinentes.

I

El Tribunal de Primera Instancia dictó una sentencia el 23 de diciembre de 1999, la cual fue notificada el 13 de enero de 2000, contra la parte demandada aquí peticionaria, el Sr. Primitivo Santiago Sánchez y otros. Mediante dicha sentencia se declaró con lugar la demanda instada por la parte aquí recurrida, el Sr. Andrés Cirilo Encarnación y otros, sobre anulación de contrato de arrendamiento y daños y perjuicios. El tribunal ordenó al señor Santiago entregar al señor Cirilo la finca objeto del arrendamiento.

Inconforme, el señor Santiago acudió, mediante recurso de apelación, ante el Tribunal de Circuito de Apelaciones el lunes 14 de febrero de 2000. Pasado un mes, el representante legal del señor Cirilo, el Lcdo. Genaro Rodríguez Gerena, presentó una moción solicitando la desestimación del recurso de apelación porque se le había notificado una copia defectuosa del mismo.[4] Señaló que faltaban las páginas 3, 4 y 5 del recurso, el cual consta de 8 páginas y que las restantes no eran legibles. Adujo que debido a que el recurso de apelación estaba incompleto e ilegible equivalía a no haber sido notificado del mismo, pues colocaba a la parte apelada en una posición de indefensión y despojaba al tribunal apelativo de jurisdicción para entender en el caso. Sin embargo, no acompañó con la moción de desestimación el recurso de apelación supuestamente incompleto e ilegible que le fuera notificado.

El señor Santiago, a través de su representante legal, el Lcdo. Eli B. Arroyo, presentó su oposición y expuso específicamente que:

> Las alegaciones aducidas por la apelada no constituyen fundamento para desestimar la apelación pues no se encuentran entre las causas que, para ello,

---

[2] Esta Sala estaba integrada por el Juez Presidente señor Andréu García y los Jueces Asociados señores Hernández Denton, Corrada del Río y Rivera Pérez. El Juez Asociado señor Rebollo López no intervino. El Juez Presidente hizo constar que expediría.

[3] El 20 de septiembre emitimos una resolución enmendando nunc pro tunc nuestra Resolución de 15 de septiembre para que en ésta se expresara que el Juez Asociado señor Rivera Pérez no había intervenido.

[4] En la moción expuso que debido a la enfermedad de su esposa le fue imposible presentarla más temprano. Para demostrar lo alegado sometió evidencia médica pertinente.

señala la Regla 83 del Reglamento de este Honorable Tribunal, además de que no se remitieron dichas copias para constatar tales alegaciones. En efecto, las páginas omitidas o ilegibles, producto obviamente de un defecto de la máquina de fotocopiar, pueden ser fácilmente sustituidas a cuyos fines se está remitiendo en esta fecha copia de todas las ocho (8) páginas del escrito de apelación del abogado de la apelada.

En vista de ello, el foro apelativo ordenó al licenciado Rodríguez Gerena que acreditara bajo juramento sus alegaciones contenidas en su moción de desestimación. Dicho licenciado presentó una declaración suscrita y jurada en la que expresó que las alegaciones contenidas en la moción de desestimación son ciertas. Con ésta no acompañó las páginas que expresara eran ilegibles. Expuso además que en la oposición a la moción de desestimación se había aceptado que la copia del recurso de apelación notificada a la parte apelada le faltaba tres (3) páginas y las demás eran ilegibles por defectos de la máquina de fotocopiar.

Mediante réplica, el licenciado Arroyo alegó y declaró, también bajo juramento, que llevó a cabo personalmente el procedimiento de fotocopiar el escrito de apelación, que cosió personalmente las páginas del recurso, el cual presentó a la Secretaría del foro apelativo, y luego acudió a las oficinas del correo para remitir copia del escrito al abogado de la parte apelada. Afirmó que "durante todo ese procedimiento me percaté de que las copias del escrito de apelación estaban completas sin que le faltaran páginas, y en particular la que remito por correo certificado al Lcdo. Genaro Rodríguez Gerena tenía todas sus páginas lo que advertí nuevamente mientras hacía fila en la oficina del correo". Así las cosas, el foro apelativo desestimó el recurso de apelación por falta de jurisdicción. Concluyó que al realizar el licenciado Arroyo expresiones en la oposición a la moción de desestimación sobre la mera posibilidad de la copia de la parte apelada del recurso no fuera notificada completa dentro del término jurisdiccional provisto por ley, priva de jurisdicción para considerarlo en los méritos, ya que es a la parte apelante a quien le corresponde acreditar en forma concreta y definitiva la jurisdicción del foro apelativo. Por no estar de acuerdo con esta determinación, el señor Santiago acude ante nos con el siguiente señalamiento de error:

Erró el Tribunal de Circuito de Apelaciones, Circuito Regional VII de Carolina -Fajardo, al asumir que el abogado del apelante había admitido la posibilidad de que la fotocopia del recurso que notificó al abogado de los allí apelados estuviese incompleta y al desestimar, por ello, el recurso por alegada falta de jurisdicción.

II

En síntesis, la parte peticionaria hace las siguientes alegaciones: que la mera alegación del licenciado Rodríguez Gerena en la moción de desestimación no constituye prueba suficiente para demostrar que no recibió copia completa del recurso de apelación; que no hay aceptación alguna en las alegaciones hechas por el licenciado Arroyo en la oposición a la moción de desestimación, sino que se señala una posibilidad, tal y como fue percibida por el foro apelativo, según se desprende de la sentencia emitida; y que dicha posibilidad fue derrotada con la presentación de la declaración jurada por parte del licenciado Arroyo

afirmando que la copia del recurso de apelación notificada a la parte apelada estaba completa.[5] El licenciado Rodríguez Gerena a su vez sometió ante nos una moción de desestimación, en la cual alega que en la oposición a la moción de desestimación presentada ante el foro apelativo, el licenciado Arroyo aceptó su incumplimiento con el reglamento del foro apelativo y no una mera posibilidad.

El Art. 4.002 del Plan de Reorganización Núm. 1 conocida como la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, establece el derecho de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia. La Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que el recurso debe ser presentado dentro el término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. Por su parte, la Regla 53.2(d), supra, dispone que la notificación del recurso de apelación presentado ante el foro apelativo tiene que hacerse a todas las partes o a sus abogados de récord dentro del término para apelar. Del lenguaje de esta regla se puede colegir que la notificación a las partes de un escrito de apelación constituye un requisito jurisdiccional. En consecuencia, su inobservancia conlleva la desestimación del recurso, ya que priva de jurisdicción al foro apelativo. Véase, Colón Morales v. Rivera Morales, 98 JTS 153.

En el caso de autos, el foro apelativo expuso que es a la parte apelante a quien le corresponde acreditar la jurisdicción del tribunal. Esto incluye que se establezca que notificó a la parte apelada dentro del término jurisdiccional provisto por ley. Entendemos que ello se cumplió cuando en el escrito de apelación presentado ante el foro apelativo, el señor Santiago certificó haber remitido por coreo certificado con acuse de recibo fotocopia del recurso al señor Cirilo conforme a lo establecido en la Regla 15 del Reglamento del Tribunal de Circuito de Apelaciones. Hay que recordar que sobre el uso del correo certificado se ha resuelto que el mismo es un medio fehaciente para establecer la fecha del depósito en el correo. De ese modo queda establecida cumplidamente y sin lugar a dudas la fecha en que se perfeccionó la notificación. Eastern Sands, Inc. v. Roig Commercial Bank, 98 JTS 93.

Ahora bien, el licenciado Rodríguez Gerena alegó que la copia del recurso que le fuera notificada estaba incompleta e ilegible. Sin embargo, no trajo ante la consideración del foro apelativo copia del recurso alegadamente mal perfeccionado, para así constar lo alegado. Cuando el licenciado Arroyo presentó su oposición a la desestimación, el foro

---

[5] Además, se señala que el licenciado Rodríguez Gerena tiene carácter mendaz debido a que en una ocasión fue separado indefinidamente del ejercicio de la abogacía y la notaría ante un patrón en que las firmas falsificadas y la conducta de dicho licenciado hizo viable el traspaso "legal" de vehículos hurtados. In re Rodríguez Gerena I, 132 D.P.R. 693 (1993). Es menester señalar que posteriormente el Tribunal Supremo, en

apelativo ordenó al licenciado Rodríguez Gerena que expusiera bajo declaración jurada lo alegado en la moción de desestimación. Entendemos que la orden emitida por el foro apelativo estuvo dirigida a obtener una prueba fehaciente más que una mera alegación. Sin embargo, el asunto se complicó cuando el licenciado Arroyo también presentó una declaración jurada aseverando que sí había notificado conforme a derecho dentro del término. Ante la disyuntiva en que se encontraba el foro apelativo, al tener ante su consideración dos declaraciones juradas en abierta contradicción, optó por no entrar a considerar las mismas y exponer que inicialmente en la oposición a la moción de desestimación el licenciado Arroyo aceptó la posibilidad de que la copia de la parte apelada hubiera sido notificada con páginas omitidas o ilegibles, por lo que incumplió con su deber de acreditar fehacientemente la jurisdicción de dicho foro.

Sin embargo, de una lectura del párrafo al cual se alude se puede inferir que el licenciado Arroyo no estaba aceptando lo alegado por el licenciado Rodríguez Gerena. Hay que tomar en consideración que en la certificación en el recurso de apelación, el licenciado Arroyo expuso que se hizo la notificación conforme a derecho. Cabe señalar además que el escrito de apelación que obra en el Tribunal de Circuito de Apelaciones está completo y es enteramente legible. Dicho foro tampoco hizo mención de que las copias remitidas a los Jueces adolecían de ese defecto.

Bajo estas circunstancias, el foro apelativo no podía concluir que el apelante había incumplido con su deber de notificar el recurso de apelación legible y completo a la parte recurrida.

Por las razones antes expuestas y a tenor con la Regla 50 del Reglamento del Tribunal Supremo se expide el recurso presentado, se revoca la sentencia desestimatoria del Tribunal de Circuito de Apelaciones y se devuelve el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió una Opinión Concurrente y Disidente. El Juez Asociado señor Rivera Pérez no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

---

reconsideración, limitó la sanción a la separación permanente de la notaría. In re Rodríguez Gerena II, 132 D.P.R. 1031 (1993).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

**Andrés Cirilo Encarnación,
Carmen Iris Ramos Ramos y
la SLG**

     **Recurridos**

        **vs.**                   **CC–2000–597**        **CERTIORARI**

**Primitivo (Tito) Santiago
Sánchez, Judith Báez Meléndez
y la SLG**

     **Peticionarios**

OPINIÓN CONCURRENTE Y DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico a 27 de febrero de 2001

Este Tribunal, como máximo foro judicial del País, no sólo tiene la obligación de resolver correctamente los recursos que ante el mismo se radican, conforme los hechos particulares de los mismos, sino que viene en la obligación de establecer, en los casos apropiados, normas jurisprudenciales que promuevan una mejor y más eficiente administración de la justicia en nuestra jurisdicción. Debemos, además, velar porque nuestras decisiones sean lo más claras posibles, esto es, evitar que las mismas, en lugar de clarificar e ilustrar a las partes, a los abogados y a los jueces, confundan a éstos.

El presente caso es un ejemplo, claro y clásico, de cómo no debemos actuar. El Tribunal, en primer lugar, desperdicia la oportunidad de establecer una norma jurisprudencial, correcta y sabia, cuyo establecimiento redundaría en beneficio de una mejor administración de la justicia. En segundo término, y a pesar de que alegadamente resuelve el recurso, no está claro qué es lo que resuelve. Nos explicamos.

I

Como correctamente se señala en la Sentencia mayoritaria, el requisito que se establece en la Regla 53.2(d) de Procedimiento Civil --a los efectos de que una parte que apela ante el Tribunal de Circuito de Apelaciones, de una sentencia emitida por el tribunal de primera instancia, viene en la obligación de notificar con copia del recurso a todas las partes, o a sus abogados de récord, dentro del término para apelar-- es uno de carácter jurisdiccional, cuya inobservancia conlleva la desestimación mandatoria del recurso radicado.

Se "cae de la mata", como dicen nuestros compueblanos fajardeños, que la copia del recurso que es notificada a las partes, o a sus abogados de récord, tiene que ser una completa y legible. De otra manera, no habría razón lógica alguna para la existencia de dicho requisito.

Por razones que realmente no alcanzamos a comprender, la Mayoría se niega a establecer, de forma clara y precisa, ese simple requisito, con fuerza de norma jurisprudencial, en nuestra jurisdicción.

II

Por otro lado, y luego de decretar la revocación de la sentencia destimatoria emitida por el foro apelativo intermedio, la Mayoría "devuelve el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto". ¿A qué se refiere el Tribunal? Realmente, no se puede saber con certeza.

Una lectura de la Sentencia emitida nos lleva a una de dos posibles conclusiones sobre lo que ordena este Foro: que el Tribunal de Circuito de Apelaciones le exija a la parte demandante la prueba que la Mayoría dice que ésta debió presentar ante dicho foro judicial, esto es, el recurso alegadamente incompleto, o, que el Tribunal de Circuito de Apelaciones proceda a resolver el caso en los méritos.

Nos inclinamos a pensar --sin, realmente, saberlo, a ciencia cierta-- que el caso está siendo devuelto para que el Tribunal de Circuito de Apelaciones requiera la prueba "omitida" por la parte demandante; ello en vista del hecho de que si, efectivamente, la copia del recurso que fue notificada a la parte demandante estaba incompleta e ilegible, el apelante no cumplió con la citada Regla 53.2(d); razón por la cual el Tribunal de Circuito de Apelaciones actuó correctamente al desestimar el mismo por el fundamento de que carecía de jurisdicción para intervenir en dicho recurso.

Por lo antes expuesto es que, a pesar de que estamos contestes en que la sentencia emitida por el Tribunal de Circuito de Apelaciones debe ser revocada, nos vemos en la obligación de disentir.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado