Voto disidente emitido por la
Juez Asociada Señora Rodríguez Rodríguez,
al cual se une la Jueza Asociada Señora Fiol Matta.
Hoy este Tribunal, por estar igualmente dividido, re-húsa desestimar el recurso AC-2007-66, aun cuando care-cemos de jurisdicción para atenderlo por no haberse cum-plido con el requisito jurisdiccional de notificación a todas las partes del pleito dentro del término para presentar el recurso. Por entender que tal actuación es indudablemente contraria a derecho, disiento.
*127 I
Este caso se inició con una demanda presentada el 19 de junio de 1992 por la Leda. Iris Meléndez Vega, por difama-ción y libelo contra la Sra. Martha Marrero de Ramos, Caribbean International News Corp., El Vocero de Puerto Rico, Inc. (El Vocero), Gaspar Roca (qepd), director del pe-riódico, y José A. Purcell (qepd).(1) La demanda se basó en una serie de cuarenta y tres escritos publicados por El Vo-cero acerca de unas imputaciones sobre acoso sexual he-chas por la señora Marrero de Ramos contra la licenciada Meléndez Vega. Esta última era fiscal y ocupaba el puesto de Directora del Centro Metropolitano de Investigaciones y Denuncias, mientras que la señora Marrero de Ramos era su secretaria.
El 25 de febrero de 1994 se enmendó la demanda para incluir como codemandado al Ledo. Héctor Santiago Rivera. Éste había fungido como representante legal de la codemandada Marrero de Ramos en un proceso adminis-trativo que llevó a cabo el Departamento de Justicia para atender las alegaciones de hostigamiento sexual contra Meléndez Vega. El codemandado, licenciado Santiago Rivera, compareció al pleito a través de su representación legal, el Ledo. Miguel Negrón.
Tras un largo litigio, el 1 de marzo de 2004 el Tribunal de Primera Instancia emitió una sentencia mediante la cual declaró “con lugar” la demanda contra todos los demandados. Ordenó el pago de una compensación millo-naria en concepto de daños por angustias mentales y daños a la reputación, y el pago de honorarios de abogado. Ade-más, ordenó que El Vocero publicara un extracto de la sen- *128 tencia dictada por dicho foro, incluso con sus determinacio-nes sobre la falsedad de las publicaciones.
Inconformes con el dictamen del foro primario, todos los demandados acudieron ante el Tribunal de Apelaciones mediante' sendos recursos de apelación. El tribunal inter-medio confirmó la sentencia apelada en cuanto a la señora Marrero, El Vocero y sus agentes o empleados. No obs-tante, revocó la orden de publicar un extracto de la senten-cia dictada.
Además, en su dictamen, el Tribunal de Apelaciones re-. vocó la sentencia apelada en cuanto al codemandado Santiago Rivera y ordenó la desestimación de la demanda en su contra. Explicó que las expresiones que éste hizo no se referían directamente a la demandante, por lo que ésta no tenía causa de acción en su contra. Añadió que, de todas formas, el licenciado Santiago Rivera no podía ser deman-dado por expresiones realizadas en el descargo de su res-ponsabilidad de representar la posición de su cliente en un procedimiento autorizado por ley.
Inconformes con la sentencia del Tribunal de Apelacio-nes, todas las partes, excepto —claro está— el codeman-dado Santiago Rivera, acudieron ante nosotros. La deman-dante, Iris Meléndez Vega, presentó una petición de certiorari —numerada CC-2007-827— en la que impugnó la desestimación de la demanda en cuanto ál codemandado Santiago Rivera. Por otro lado, Caribbean International News Corp. (El Vocero de Puerto Rico) y los señores Gaspar Roca y José Purcell presentaron un recurso denominado “apelación civil” —numerado AC-2007-66 — (2) mediante el cual solicitaron que se revocara la sentencia que dictaron en su contra los foros inferiores. Por último, la codeman-dada, señora Marrero de Ramos, presentó un recurso tam-bién denominado “apelación” —numerado AC-2007-67 — (3) en el cual solicitó la revocación de la sentencia dictada por *129 el Tribunal de Apelaciones. Expedimos y consolidamos los tres recursos presentados.
Posteriormente, la parte demandante solicitó la desesti-mación del recurso AC-2007-66 presentado por la prensa bajo el fundamento de falta de jurisdicción de este Tribunal. La parte demandante señaló en su moción que todo indicaba que el recurso AC-2007-66 no fue notificado a una de las partes en este pleito, a saber, al codemandado Santiago Rivera. Aseveró que en la certificación de envío de ese recurso no se indicó que, en efecto, se había notifi-cado a esta parte, aun cuando se señalaba que el recurso presentado había sido notificado personalmente a las de-más partes én el pleito. Explicó que la notificáción a todas las partes dentro del término para presentar un recurso ante este Tribunal era un requisito jurisdiccional, razón por la cual procedía la desestimación del recurso presen-tado por la prensa.
En atención a los planteamientos de la parte deman-dante, el 8 de enero de 2008 emitimos una Resolución donde ordenamos a los peticionarios en el caso AC-2007-66 que mostraran causa por la cual no debíamos desestimar su recurso por falta de jurisdicción de este Tribunal. En su comparecencia, éstos alegaron que habíañ notificado opor-tunamente su recurso a todas las partes. En sustento de su alegación, incluyeron una declaración jurada suscrita por el codemandado Santiago Rivera, en la que éste indicaba que su abogado había sido notificado adecuadamente del recurso AC-2007-66. Añadieron que la omisión de incluir a dicha parte, tanto en la carátula del recurso como en la certificación de envío, constituyó un defecto de forma que de ninguna manera afectó los derechos de las partes.
I — I I — I
Comenzamos puntualizando que el hecho de que se dicte sentencia y se desestime la demanda instada respecto *130 a un codemandado no significa, ipso facto, que éste haya perdido su condición de parte en el pleito. Subsiste enton-ces la obligación de notificarle de las incidencias post sentencia. “ ‘[Ulna parte en un pleito “cesa” como tal y “sale” del mismo’ cuando el tribunal dicta una sentencia final y ésta adviene firme; mientras ello no ocurra dicha parte continuará en el pleito principal.” Rosario et al. v. Hosp. Gen. Menonita, Inc., 155 D.P.R. 49, 58 (2001). Véase, también, Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987). Por lo tanto, no hay duda de que por no haber ad-venido final y firme la sentencia dictada por el Tribunal de Apelaciones, el codemandado Santiago Rivera sigue siendo parte en el caso ante nuestra consideración. Por tal razón, existe la obligación de notificarle todos los recursos en al-zada presentados contra la sentencia dictada por el foro apelativo intermedio.
Adviértase lo siguiente. La sentencia dictada por el foro intermedio confirmó y modificó el dictamen original enun-ciado en este caso. Confirmó sustancialmente la sentencia condenatoria dictada por el foro inferior contra varios de los codemandados y la modificó en cuanto a uno de ellos. Específicamente, revocó aquella parte que le había dado curso a la reclamación contra el codemandado Santiago Rivera al ordenar la desestimación de la demanda en su contra.
Este último asunto se encuentra ante nuestra conside-ración luego de presentarse un oportuno recurso de revisión. En cuyo caso, si entendemos que ya el codeman-dado no' es parte en el pleito, la demandante no estaría obligada a notificarle su recurso. Esta proposición nos pa-rece, naturalmente, un sinsentido. Como poco, ello privaría al litigante, en este caso al codemandado Santiago Rivera, de las garantías procesales que el ordenamiento le reco-noce, configurándose una clara violación al debido proceso de ley. Martínez, Inc. v. Abijoe Realty Corp., 151 D.P.R. 1, 7-8 (2000); Álvarez v. Arias, 156 D.P.R. 352, 365 (2002); Lucero v. San Juan Star, 159 D.P.R. 494, 507 (2003).
*131 Es innegable que el codemandado Santiago Rivera es parte en este caso y que, como tal, tiene derecho a que se le notifiquen todos los escritos que se presenten, no mera-mente el recurso presentado por la parte demandante res-pecto a aquella parte de la sentencia que le afecta directamente. Debemos destacar que los peticionarios en ningún momento han puesto en duda que el licenciado Santiago Rivera sea parte de este pleito. Tan es así que su comparecencia se circumscribe a expresar que le notifica-ron el recurso AC-2007-66.
Por otra parte, la Regla 53.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que “[e]l peticionario notificará la presentación del escrito de certiorari a todas las partes o a sus abogados de récord dentro del término para presentar el recurso y en la forma prescrita en la Regla 67”. En Const. I. Meléndez, S.E. v. A.C., 146 D.P.R. 743, 748 esc. 2 (1998), señalamos que “el concepto de lo que constituye una parte en el ámbito del derecho procesal civil fue am-pliado, a raíz de las enmiendas de 1979, las cuales elimi-naron el término de partes ‘contrarias’ o ‘afectadas’ y lo sustituyeron simplemente por el de ‘partes’ ”. Allí citamos con aprobación lo dicho al respecto por el tratadista Cuevas Segarra, a saber:
“Las Reglas de Procedimiento Civil de 1979 incorporaron un requisito aún más estricto al eliminar el requisito de notificar a las partes contrarias y exigiendo en la Regla 53.3 de Proce-dimiento Civil que la solicitud de revisión se le notifique a todas las partes independientemente de si son o no contrarias. Si aún bajo la vigencia del requisito de notificación de partes ‘contrarias o afectadas’ se exigió la notificación al rebelde que nunca compareció, menos aún puede soslayarse ese elemento indispensable bajo un criterio legislativo más riguroso. El le-gislador no acostumbra hacer cosas vacuas. El legislador no escribe cosas redundantes ni cosas inútiles. Cuando se exigió notificación a todas las partes, así debe aplicarse.” (Énfasis suprimido.) Const. I. Meléndez, S.E. v. A.C., supra, pág. 748 esc. 2.
*132 También, sobre lo anterior, nos dice Cuevas Segarra que “[a]l aprobarse la actual Regla 67.1, se eliminó al final de la primera oración la frase ‘afectados por los mismos’, de manera que quedase claro que hay que notificar a cada una de las partes en el pleito, se entienda o no que el re-curso les afecta”. (Énfasis en el original suprimido y énfasis nuestro). J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T. II, pág. 876. Continúa explicando que, “[c]uando las Reglas 53.2(d) y 53.3(b) hablan del escrito de apelación y la petición de certiorari, claramente indican que se notificará la presentación a to-das las partes dentro del término para presentar el recurso. Más diáfano no puede ser. Requiere la notificación a todas las partes sin excepción”. Id.
Sobre la notificación de los recursos ante este Tribunal, la Regla 39 de nuestro Reglamento establece que “[l]a no-tificación a las partes se hará dentro del término jurisdic-cional o de cumplimiento estricto, según fuere el caso, para presentar el recurso”. 4 L.P.R.A. Ap. XXI-A. En este caso, por tratarse de una petición de certiorari de una sentencia del Tribunal de Apelaciones, el término es jurisdiccional. Véase Regla 20 del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI-A.
Por otro lado, hemos señalado que el hecho de “que la notificación se haga ‘dentro del término’ para solicitar la revisión” es determinante de nuestra jurisdicción. Campos del Toro v. Ame. Transit Corp., 113 D.P.R. 337, 347 (1982). Véase Pagán v. Alcalde Mun. de Cataño, 143 D.P.R. 314, 325 (1997). Dicho de otra forma, “[e]l omitir la notificación a alguna parte del proceso de un escrito apelativo presen-tado ante este Tribunal, dentro del término dispuesto para ello, nos priva de jurisdicción para entender en el asunto”. Ocean View v. Reina del Mar, 161 D.P.R. 545, 554 esc. 14 (2004).
En cuanto a los métodos de notificación, la Regla 39 de nuestro Reglamento, supra, establece que “[l]a notificación *133 se efectuará por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo”. En Eastern Sands, Inc. v. Roig Comm. Bank, 146 D.P.R. 51, 54 (1998), aclaramos que “cuando la notifi-cación [de un recurso de certiorari] se hace por correo, de-berá hacerse por correo certificado con acuse de recibo. ... De este modo queda establecida cumplidamente y sin lugar a dudas la fecha en que se perfeccionó la notificación”. (Enfasis en el original.) Véase Cuevas Segarra, op. cit, pág. 881.(4)
Por último, es preciso señalar que la Regla . 39 dispone además que “[e]n los casos de entrega personal, se certifi-carán la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas setenta y dos (72) horas desde que se efectuó la entrega”.
III
En el caso que nos ocupa, ante la moción de desestima-ción presentada por la demandante, ordenamos a los peti-cionarios en el recurso AC-2007-66 que mostraran causa por la cual no debíamos desestimar su recurso por falta de jurisdicción de este Tribunal. En su lacónica comparecen-cia, los demandados peticionarios aseveraron, concluyente-mente, que habían notificado su escrito a la parte codemandada. No informaron, sin embargo, si la notifica-ción había sido personal, como lo fue para las otras partes, o si, por el contrario, fue por correo certificado. No unieron a su moción ningún documento de recibo que nos permita, fehacientemente, acreditar el método de notificación, así como la notificación propiamente.
*134 Las peticionarios, sin embargo, anejaron a su moción una declaración jurada suscrita por el codemandado Santiago Rivera como “prueba” de que se notificó el recurso presentado. En la declaración jurada se indicó lo siguiente: “Tanto por mi conocimiento personal, como por haberlo co-rroborado con mi abogado, puedo asegurar que éste [sic] último recibió copia fiel y exacta del recurso de apelación AC-2007-66 presentado por los codemandados periódico El Vocero y señores Gaspar Roca y José Purcell, el 20 de sep-tiembre de 2007.”(5)
Esta escueta declaración se revela insuficiente para evi-denciar el cumplimiento con el requisito de notificación dentro del término jurisdiccional. Nótese que ni siquiera se establece cuál fue el método de notificación utilizado. Como señalamos anteriormente, la notificación del recurso de certiorari debe hacerse por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. Naturalmente, la mejor manera de evidenciar el cumplimiento con el requisito de notificación es presentando el acuse de recibo correspondiente.(6) Todo abogado experimentado se cerciora de que cuando notifica un escrito mediante entrega personal, quien lo recibe firme un documento certificando el recibo. Lo lógico hubiera sido que se nos acreditara la notificación mediante copia de ese documento. No ha sido así.
Tampoco el codemandado nos explica por qué tiene co-nocimiento personal de que su abogado recibió la notificación. Además, el hecho de que la declaración jurada la suscribe el codemandado y no su abogado —quien pre-suntamente fue la persona que recibió la notificación— desvanece su valor probatorio. Por otra parte, la afirma-ción del codemandado Santiago Rivera de que corroboró *135 con su abogado el recibo de la notificación, a todas luces constituye prueba de referencia. Dicha afirmación, enton-ces, resulta insuficiente para evidenciar que el recurso en cuestión se notificó adecuadamente. Véase, de modo aná-logo, la Regla 36.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
IV
Conforme a los principios anteriormente esbozados, la notificación al codemandado Santiago Rivera del recurso en alzada, dentro del término para presentarlo, es un re-quisito de carácter jurisdiccional y corresponde a quien ha acudido en alzada acreditar fehacientemente su cumpli-miento. En este caso claramente no se ha hecho tal demos-tración, por lo que estamos impedidos de atender el recurso AC-2007-66.
Lo cierto es que, a mi juicio, no hay fundamento legal para no aplicar a este caso nuestra normativa sobre notifi-cación, máxime cuando reiteradamente hemos rehusado atender los recursos presentados ante nosotros que no cumplen con este requisito jurisdiccional. E.g., Eastern Sands, Inc. v. Roig Comm. Bank, supra, pág. 54. Repeti-mos, el codemandado Santiago Rivera es parte en este pleito; tan es así, que tenemos ante nuestra consideración un recurso de certiorari en el cual se cuestiona la determi-nación del foro apelativo intermedio de revocar al foro pri-mario, quien le impuso responsabilidad. Cómo se puede ser parte para efectos de ese recurso apelativo mas no así en los otros recursos presentados en un mismo caso, es algo que me elude. No olvidemos que se es parte en un pleito, no en un recurso de revisión.
En infinidad de ocasiones hemos expresado que el asunto de nuestra jurisdicción es privilegiado y de tal im-portancia que lo podemos atender motu proprio. Este no es un tema intrascendente ni se puede atender livianamente, *136 pues va a la esencia misma de nuestra facultad para resolver. Al cuestionarse nuestra jurisdicción, quien esté obligado a acreditarla tiene que hacerlo fehacientemente, de suerte que no haya duda alguna de nuestro poder para afrontar y resolver las controversias que se nos plantean. No puedo decir, en puridad, que los peticionarios en este caso han cumplido con este estándar.
Por último, y en mi deseo por comprender la actuación de mis compañeros, me debo plantear si estiman que la filosofía que subyace en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 les autoriza a aten-der el recurso. Nuestros pronunciamientos anteriores no permiten tal conclusión. La política de acceso a la justicia contenida en la nueva Ley de la Judicatura —Ley de la Judicatura de Puerto Rico, 4 L.P.R.A. sec. 24a— no es si-nóñimo de anarquía; no permite el incumplimiento rutina-rio con las Reglas de Procedimiento Civil y con los regla-mentos de los tribunales. Gran Vista I v. Gutiérrez y otros, 170 D.P.R. 174 (2007). En tal rigor, en Morán v. Martí, 165 D.P.R. 356, 368-369 (2005), indicamos:
Si bien al Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los proceso apelativos, ello no su-puso dar al traste con los requisitos mínimos exigidos para atender ordenadamente los recursos que se presentan .... Mu-cho menos pretendió eliminar los términos jurisdiccionales .... Actuar en contravención de ello, es no apurar adecuadamente cuál fue el verdadero alcance de la Ley de la Judicatura de 2003. (Énfasis suplido.)
Por entender que la decisión de no desestimar el recurso AC-2007-66 es absolutamente contraria a derecho y evi-dentemente injusta, disiento.

 Estos dos últimos ya fallecieron. El Tribunal de Apelaciones ordenó la corres-pondiente sustitución de partes al amparo de la Regla 22.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y la Regla 82 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B. Resolución del Tribunal de Apelaciones de 16 de agosto de 2007, KLAN200400340, KLAN200400346 y KLAN200400457. Véase, además, Apéndice del recurso AC-2007-66, págs. 1732-1736.

 Acogimos este recurso Como una solicitud.de certiorari.

 Este recurso también se acogió como una solicitud de certiorari.

 También se ha dicho.que “hay que notifica[r] el recurso por correo certificado con acuse de recibo dentro del plazo jurisdiccional ... para que el recurso se perfec-cione conforme a derecho y el foro apelativo adquiera jurisdicción”. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T. II, pág. 877.

 El 20 de septiembre de 2007 era el último día del término para presentar el recurso.

 Además, como señaláramos, en los casos de entrega personal debe certifi-carse la forma y las circunstancias de tal diligenciamiento, lo que no ha ocurrido. Regla 39 del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI-A.