Opinión disidente emitida por la
Juez Asociada Señora Ro-dríguez Rodríguez.
Esta controversia está revestida del más alto interés público. Ante nuestra consideración se plantea si un grupo nutrido de ciudadanos tiene legitimación activa para im-pugnar una declaración de impacto ambiental final (DIA-F) de un enorme gasoducto promocionado publicita-riamente como Vía Verde. Esta extensa línea de gas natural atravesará trece municipios y, según establecieron los vecinos a quienes hoy este Foro les niega acceso, amenaza la seguridad personal e intereses y derechos propietarios, agrícolas, ambientales, estéticos, entre otros, de los resi-dentes de las zonas aledañas a éste.(1)
Por entender que el recurso presentado por la Autoridad de Energía Eléctrica debió desestimarse por falta de juris-dicción, disiento de la opinión mayoritaria. En cuanto al recurso presentado por la Junta de Calidad Ambiental, es- *992 toy de acuerdo con la Jueza Asociada Fiol Matta en que los recurridos tienen legitimación activa para impugnar la DIA-F del gasoducto Vía Verde, por ello me uno a su opi-nión disidente.
I
El 6 de septiembre de 2011 y de forma separada, la Junta de Calidad Ambiental (JCA) y la Autoridad de Ener-gía Eléctrica (AEE) presentaron sendos recursos de certiorari. En esos recursos se nos pide que revisemos una Resolución del Tribunal de Apelaciones emitida el 18 de agosto de 2011. Ésta es el resultado de la presentación de tres recursos de revisión administrativa, mediante los cua-les se solicitó que el foro intermedio revisara la aprobación de la DIA-F que emitiera la JCA en el proyecto de ga-soducto “Vía Verde”. Esencialmente, los peticionarios recu-rridos solicitaron al Tribunal de Apelaciones que dejara sin efecto la Resolución R-10-45-1 de la Junta de Calidad Am-biental mediante la cual se aprobó el informe del Subco-mité y se determinó que la DIA-F presentada por la AEE para el proyecto de gasoducto cumplió con todos los requi-sitos de la Ley Núm. 416 de 22 de septiembre de 2004 (12 L.RR.A. see. 8001 et seq.) conocida como la Ley sobre la Política Ambiental.
Así las cosas, el Tribunal de Apelaciones, el 31 de marzo de 2011, emitió una sentencia para desestimar, por falta de legitimación activa, los tres recursos de revisión administra-tiva presentados e identificados con los alfanuméricos KL-RA201001238 (Justo Lozada Sánchez y otros), KL-RA201001246 (Juan Cortés Lugo y otros) y el KLRA201001249 (Unión de Trabajadores de la Industria Eléctrica y Riego-UTIER). Sin embargo, luego de que opor-tunamente se solicitara la reconsideración, el foro apelativo la acogió y dictó la resolución ante nuestra consideración. Entendió que Juan Cortés Lugo y otros (KLRA201001246) *993 sí cumplían con los requisitos impuestos por la doctrina de legitimación activa y, por lo tanto, podían solicitar revisión de la DIA-F del proyecto de gasoducto.
Inconformes, la AEE y la JCA recurrieron ante este Tribunal la resolución reseñada. El 6 de septiembre de 2011 presentaron, de manera separada, mociones urgentes en auxilio de jurisdicción, entre otros escritos. Adujeron que ese mismo día habían presentado sus recursos de certiorari para solicitar que revisáramos la resolución que hoy nos ocupa. La Procuradora General, en representación de la JCA, certificó haber notificado la moción en auxilio de ju-risdicción mediante entrega personal o por correo certifi-cado con acuse a las partes. Por otra lado, los Ledos. Elie-zer Aldarondo Ortiz, Eliezer Aldarondo López y la Leda. Rosa Campos Silva, en representación de la AEE, certifica-ron haber notificado la moción en auxilio de jurisdicción a los Ledos. Pedro Saade Llórens y Luis José Torres Asencio a sus respectivas direcciones de correo electrónico, al Sr. Pedro J. Nieves Miranda y a la Leda. Karla Pacheco Alvarez a sus direcciones postales.
Oportunamente, la parte recurrida presentó un escrito titulado “Alegato de las partes recurridas”, donde rebatió los argumentos de las peticionarias. En respuesta, el 6 de octubre la JCA presentó un escrito titulado “Réplica al ale-gato de las partes Recurridas”. Según certifica la Oficina del Procurador General, el mismo día se envió copia por correo certificado a, entre otras personas, los Ledos. Pedro Saade Llórens y Luis José Torres Asencio, representantes legales de la parte recurrida. De igual manera, la AEE pre-sentó el 6 de octubre un escrito titulado “Oposición a Ale-gato de las Partes Recurridas” y certificó haber notificado a las partes a través de sus direcciones de correo electrónico.
Así las cosas, el 17 de noviembre de 2011, los recurridos presentaron una “Moción de desestimación de Petición de Certiorari de la Autoridad de Energía Eléctrica”. En ella solicitó que se desestimase el recurso presentado por la *994 AEE por falta de jurisdicción, toda vez que éste no fue no-tificado conforme a lo dispuesto en el Reglamento de este Tribunal. La AEE, en cambio, alegó que la notificación electrónica equivalía a una notificación entregada perso-nalmente y que, además, la Regla 39 de nuestro Regla-mento, infra, debía interpretarse conjuntamente con la Re-gla 67.2 de Procedimiento Civil de 2009, infra, y las Reglas 13 y 33 del Tribunal de Apelaciones, infra.
II
A
Las cuestiones relacionadas a la autoridad de este Tribunal para atender una controversia son altamente privilegiadas. Es por ello que tienen que ser consideradas antes que cualquier otro asunto en el recurso y pueden presentarse en cualquier etapa del proceso. Véanse: J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, (ed. de autor), 2010, pág. 18; J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. JTS, 2011, T. 1, págs. 90-91. Lo anterior está directamente relacionado con la independencia judicial y la autonomía de los jueces y las juezas “en la recta implantación del derecho que regula la vida en sociedad bajo el sistema republicano de gobierno”. R. Hernández Colón, Derecho Procesal Civil, 5ta ed., San Juan, Ed. LexisNexis, 2010, See. 406, pág. 41.
En numerosas ocasiones hemos expresado que “los tribunales debemos ser celosos guardianes de nuestra jurisdicción”. Dávila Pollock et als. v. R.G. Mortgage, 182 D.P.R. 86, 87 (2011). En ese sentido también hemos seña-lado que un tribunal que carece de jurisdicción solo tiene jurisdicción para expresar que no la tiene. Carattini v. Collazo Syst. Analysis, Inc., 158 D.P.R. 345 (2003). Además, no hay duda de que la falta de jurisdicción es un defecto *995 insubsanable, por lo cual el tribunal “lo único que puede hacer es así declararlo y desestimar el caso”. Id., pág. 355. Es por ello que las partes no pueden suplir de jurisdicción a un tribunal que carece de ésta. Nuevamente, la falta de jurisdicción es una dolencia que no puede ser subsanada por los tribunales o las partes, sea esto último por acuerdo de éstas o por los actos de una de ellas. Véase Cuevas Se-garra, op. cit, pág. 91.
B
El Art. V, Sec. 4 de la Constitución del Estado Libre Asociado de Puerto Rico dispone, en lo pertinente, que “[e]Z Tribunal Supremo funcionará, bajo reglas de su propia adopción”. (Énfasis suplido.) L.P.R.A., Tomo 1, ed. 2008, pág. 412. Por otro lado, el Reglamento del Tribunal Supremo de 1996 disponía en su parte preliminar sobre Re-glas de Transición que “[l]a Ley de la Judicatura de 1994, según enmendada, y este reglamento serán de aplicación a todo asunto presentado o incoada el 1ro de mayo de 1996 o con posterioridad a esta fecha, ante cualquier tribunal o agencia administrativa”. 4 L.P.R.A. Ap. XXI-A, R. 2 (ed. 2002). Asimismo, el preámbulo del mismo expresa:
En lo que respecta a las enmiendas que se aprobaron a las Reglas de Procedimiento Civil y Criminal, algunas de éstas establecen procedimientos para el trámite de los asuntos en el Tribunal Supremo. Estas disposiciones son de carácter directivo. La Sección 4 del Artículo V de la Constitución dis-pone específicamente que el Tribunal Supremo de Puerto Rico funcionará con reglas de su propia adopción .... Este esquema constitucional exige que cuando surja algún conflicto entre la reglamentación para el funcionamiento interno aprobada por este Tribunal o el ejercicio de su facultad como Tribunal de última instancia y alguna ley, prevalezca lo primero. (Énfasis suplido.) Preámbulo del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI-A, R. 1 (ed. 2002).
Por otro lado, la Regla 39 del recién enmendado Regla- *996 mentó de este Tribunal, en el segundo párrafo del inciso (a) dispone lo siguiente:
La notificación se efectuará por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. La notificación a las partes se hará dentro del término jurisdiccional o de cumplimiento estricto, según sea el caso, para presentar el recurso. Regla 39, In re Regla-mento Tribunal Supremo, 183 D.RR. 386, 473 (2011).
En este sentido, el Reglamento de este Tribunal dispone formas específicas de notificación en aquellos recursos que se presenten, desplazando así lo dispuesto en las Reglas de Procedimiento Civil. Más aún, el Informe de las Reglas de Procedimiento Civil sostuvo que “[s]e eliminaron las Re-glas 53.1 a la 53.11 porque el Comité considera que lo ex-puesto en éstas debe ser incluido únicamente en los Regla-mentos del Tribunal de Apelaciones y Tribunal Supremo de Puerto Rico de modo que no haya duplicidad”. Informe de las Reglas de Procedimiento Civil, pág. 912. Sobre lo anterior, el profesor Hernández Colón(2) señala que
... a raíz de la revisión de las Reglas del 1979, se eliminaron de las Reglas de Procedimiento Civil aquellas disposiciones procesales que tenían reglas equivalentes en los Reglamentos del TA y del TS. Ello contribuyó a subsanar las disconformi-dades habidas entre algunas de las Reglas del 1979 y los Re-glamentos, lo que pretende enderezar la estructura procedi-mental del TA y del TS, dejando únicamente en sus reglamentos lo relacionado al trámite, perfeccionamiento, con-tenido, notificación, etc. de los recursos apelativos. Hernández Colón, op. cit, See. 5601, pág. 502.
Asimismo, señala que la Regla 53.3(b) de Procedimiento Civil de 1979 disponía, respecto a las notificaciones de los recursos presentados ante el Tribunal Supremo, que “[e]l *997 peticionario notificará la presentación del escrito de certio-rari a todas las partes o a sus abogados de récord dentro del término para presentar el recurso y en la forma pres-crita en la Regla 67”. 32 L.RR.A. Ap. Ill (ed. 2001). Como bien señala el profesor Hernández Colón, ésta se eliminó en las nuevas reglas de 2009 para evitar incongruencias con el reglamento de este Tribunal. Actualmente, la Regla 67.2 de Procedimiento Civil de 2009 dispone para que la notificación pueda hacerse mediante correo electrónico. 32 L.P.R.A. Ap. V.
Hemos expresado que la omisión de una notificación adecuada nos priva de jurisdicción para atender un asunto ante nuestra consideración. Ocean View v. Reina del Mar, 161 D.P.R. 545 (2004); Montañez v. Policía de Puerto Rico, 150 D.P.R. 917 (2000); Const. I. Meléndez, S.E. v. A.C., 146 D.P.R. 743 (1998). Esa notificación debe realizarse en el término dispuesto para la presentación del recurso ante este Tribunal. Campos del Toro v. Ame. Transito Corp., 113 D.P.R. 337 (1982). Además, el método de notificación tiene que ser uno de los establecidos en la Regla 39 del Regla-mento de este Tribunal, ante. La Regla 39, ante, es clara: la notificación se efectuará por correo certificado con acuse o medio de entrega personal similar con acuse. Eastern Sands, Inc. v. Roig Comm. Bank, 146 D.P.R. 51, 54 (1998). Esta regla no sufrió cambios en las recientes enmiendas al Reglamento del Tribunal Supremo.
III
Los recurridos presentaron una moción de desestima-ción por falta de jurisdicción dado que no se les había no-tificado del recurso por uno de los métodos establecidos en la Regla 39, ante, de este Tribunal. Adujeron que la notifi-cación electrónica no constituye la notificación por correo certificado con acuse ni tampoco entrega personal con acuse de entrega. Por su parte, los peticionarios afirmaron *998 que la notificación electrónica equivale a la entrega personal. De igual manera, expresaron que el comentario a la Regla 39 del Reglamento del Tribunal Supremo de 1996, ante, dispone que se incorporan como métodos de notifica-ción los contenidos en la Regla 67 de Procedimiento Civil de 1979, ante. Asimismo, señalan que las leyes y los regla-mentos que regulan un mismo asunto deben interpretarse conjuntamente. Finalmente, sostienen que los recurridos no pueden ir en contra de sus propios actos y que éstos, al comparecer ante este Tribunal, reconocieron que el recurso se había perfeccionado y que no corresponde presentar una moción de desestimación en una etapa tan avanzada del proceso.
Como señaláramos, las cuestiones jurisdiccionales, al ser altamente privilegiadas, pueden presentarse en cual-quier etapa del proceso. Es por ello que el argumento de los aquí peticionarios sobre el estado avanzado de los procedi-mientos es inmeritorio. De igual manera, hemos visto que cuando un tribunal carece de jurisdicción, solo tiene auto-ridad para expresar este hecho y que dicha falta no puede ser subsanada ni por el Tribunal ni por las partes. Procede, entonces, decir que el hecho de que los recurridos hayan comparecido ante este Tribunal no subsana nuestra falta de jurisdicción para atender el recurso de los peticionarios.
Aclarado lo anterior, se debe atender la relación exis-tente entre la Regla 67.2 de Procedimiento Civil de 2009, ante, y la Regla 39 de este Tribunal, ante. La Opinión ma-yoritaria señala que el comentario que acompaña a la Re-gla 39, ante, indica, respecto a la controversia que nos ocupa, lo siguiente: “[a]cogemos un método de notificación a las partes similar al establecido en la Regla 67 de Proce-dimiento Civil.” Acto seguido pasa a citar la Regla 67.2 de Procedimiento Civil de 2009, ante, sin siquiera mencionar que el comentario que acompaña a la Regla 39 del Regla-mento de este Tribunal de 1996, ante, se refiere a la Regla 67 de las derogadas Reglas de Procedimiento Civil, ante, *999 que, a todas luces, no disponían para la notificación electrónica.
De igual manera, equivocadamente, señala que tanto la Regla 1 como la Regla 52.1 de Procedimiento Civil de 2009 (32 L.P.R.A, Ap. V) hacen extensivas las disposiciones de las Reglas de Procedimiento Civil a los asuntos ante este Tribunal. Nuevamente, la interpretación de la mayoría de este Tribunal contraviene preceptos constitucionales básicos. Como expresáramos, la See. 4 del Art. V de la Constitución del Estado Libre Asociado de Puerto Rico, ante, dispone que este Cuerpo funcionará con sus propias reglas. En cumplimiento del mandato constitucional, el Co-mité que tuvo a cargo la revisión entendió que era propio que los asuntos ante este Tribunal los reglamentara este Tribunal y no las Reglas de Procedimiento Civil. No tene-mos dudas de que tanto el Pleno de este Cuerpo como la Asamblea Legislativa entendieron que eso era lo apropiado y, finalmente, la Regla 53.3 que disponía que se notificara conforme a la Regla 67 de Procedimiento Civil de 1979 fue eliminada en las Reglas de Procedimiento Civil de 2009.
Es por ello que la notificación mediante correo electró-nico no puede equipararse a las dos formas de notificación dispuestas en nuestro Reglamento. De igual manera, no puede entenderse que las Reglas de Procedimiento Civil reglamentan los asuntos ante nuestra consideración, toda vez que esa interpretación irrumpe nuestro poder constitu-cional de reglamentación.
No hay duda de que esta Curia carece de jurisdicción para atender el recurso presentado por la AEE, dado que la notificación que se hiciese a las partes no puede conside-rarse adecuada. Evidencia de lo anterior es el acto de ca-lado jurídico en el que se tiene que embarcar la mayoría para poder sostener sus argumentos. Una vez más, hacen caso omiso a los planteamientos de los aquí recurridos y, so pretexto de interpretación judicial, privan a un grupo de ciudadanos preocupados por su seguridad de acceder a los tribunales. *1000 En este contexto entiendo que se vuelve imprescindible recordar a Charles Dickens en su bicentenario: “[i]n the little world in which children have their existence whosoever brings them up, there is nothing so finely perceived and so finely felt, as injustice.” C. Dickens, Great Expectations, Capítulo 8. También es importante agregar lo que Amartya Sen sostiene sobre la afirmación de Dickens: “But the strong perception of manifest injustice applies to adult human beings as well. What moves us, reasonably enough, is not the realization that the world falls short of being completely just —which few of us expect— but that there are clearly remediable injustices around us which we want to eliminate.” Amartya Sen, The Idea of Justice, Harvard University Press, 2009, pág. vii.
IV
Por los fundamentos expresados, disiento enérgica-mente de la opinión de este Tribunal, en cuanto a que con-taba con jurisdicción para atender la petición de certiorari de la AEE. En su lugar, hubiese desestimado el recurso presentado por la AEE por carecer de jurisdicción para atenderlo.

 Véase la opinión disidente de la Jueza Asociada Señora Liana Fiol Matta para una explicación detallada de los daños a los que se exponen los aquí recurridos.

 El profesor Hernández Colón es miembro del Comité Asesor Permanente de las Reglas de Procedimiento Civil y, como tal, participó del Informe de las Reglas de Procedimiento Civil que se sometió al Juez Presidente y el Pleno de este Tribunal el 26 de diciembre de 2007.