EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Iris Meléndez Vega<br><br>    Recurrida<br><br>          vs.<br><br>El Vocero de Puerto Rico,<br>Inc., et als<br><br>    Peticionarios | Certiorari<br><br>2008 TSPR 24<br><br>173 DPR \_\_\_\_ |

Número del Caso: AC-2007-66
        Cons. con AC-2007-67 y CC-2007-827

Fecha: 15 de febrero de 2008

Tribunal de Apelaciones:

            Región Judicial de San Juan

Juez Ponente:

            Hon. Dolores Rodríguez de Oronoz

Abogados de la Parte Peticionaria:

            Lcdo. Miguel A. Negrón Matta
            Lcdo. José J. Nazario de la Rosa
            Lcdo. Juan Santiago Nieves
            Lcdo. Francisco Ortiz Santini


Abogados de la Parte Recurrida:

            Lcda. Maricarmen Ramos de Szendrey
            Lcdo. José Julián Álvarez González


Materia: Acción Civil


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Iris Meléndez Vega

    Recurrida

       v.

El Vocero de Puerto Rico,
Inc., *et als*

    Peticionarios

AC-2007-66

consolidado con
AC-2007-67 y
CC-2007-827

RESOLUCION

San Juan, Puerto Rico, a 15 de febrero de 2008

    Vista la Moción *Urgente para la Desestimación del Recurso de la Prensa por Falta de Jurisdicción* presentada en el caso AC-2007-66, por estar igualmente dividido el Tribunal, se provee no ha lugar.

    Lo acordó el Tribunal y certifica la Secretaria del Tribunal. La Juez Asociada señora Rodríguez Rodríguez emite voto disidente al cual se le une la Jueza Asociada señora Fiol Matta. El Juez Asociado señor Rebollo López no interviene.


                    Aida Ileana Oquendo Graulau
                 Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Iris Meléndez Vega

    Recurrida

        v.

                           AC-2007-66

El Vocero de Puerto Rico,
Inc., et als                 consolidado con
                          AC-2007-67 y
    Peticionarios           CC-2007-827

Voto disidente emitido por la Juez Asociada señora Rodríguez Rodríguez al cual se le une la Jueza Asociada señora Fiol Matta

San Juan, Puerto Rico, a 15 de febrero de 2008

Hoy, este Tribunal por estar igualmente dividido, rehúsa desestimar el recurso AC-2007-66, aun cuando carecemos de jurisdicción para atenderlo por no haberse cumplido con el requisito jurisdiccional de notificación a todas las partes del pleito dentro del término para presentar el recurso. Por entender que tal actuación es indudablemente contraria a Derecho, disiento.

**I.**

Este caso se inició con una demanda presentada el 19 de junio de 1992 por la Lcda. Iris Meléndez Vega, por difamación y libelo contra la Sra. Martha Marrero de Ramos, Caribbean International News Corp., El Vocero de Puerto Rico, Inc., Gaspar Roca (qepd),

director del periódico, y José A. Purcell (qepd).[1] La demanda se basó en una serie de 43 escritos publicados por El Vocero en torno a unas imputaciones sobre acoso sexual hechas por la señora Marrero de Ramos contra la licenciada Meléndez Vega. Esta última era fiscal y ocupaba el puesto de Directora del Centro Metropolitano de Investigaciones y Denuncias, mientras que la señora Marrero de Ramos era su secretaria.

El 25 de febrero de 1994, se enmendó la demanda para incluir como codemandado al licenciado Héctor Santiago Rivera. Éste había fungido como representante legal de la codemandada Marrero de Ramos en un proceso administrativo que llevó a cabo el Departamento de Justicia para atender las alegaciones de hostigamiento sexual contra Meléndez Vega. El codemandado, licenciado Santiago Rivera, compareció al pleito a través de su representación legal, el licenciado Miguel Negrón.

Tras un largo litigio, el 1 de marzo de 2004, el Tribunal de Primera Instancia emitió sentencia mediante la cual declaró con lugar la demanda contra todos los demandados. Ordenó el pago de una compensación millonaria en concepto de daños por angustias mentales y daños a la reputación y el pago de honorarios de abogado. Además,

---

[1] Estos dos últimos ya fallecieron. El Tribunal de Apelaciones ordenó la correspondiente sustitución de partes al amparo de la Regla 22.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 22.1, y la Regla 82 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 82. Resolución del Tribunal de Apelaciones de 16 de agosto de 2007, KLAN-2004-340, KLAN-2004-346 y KLAN-2004-457. *Véase además*, Apéndice del recurso AC-2007-66, págs. 1732-1736.

ordenó que El Vocero publicara un extracto de la sentencia dictada por dicho foro, incluyendo sus determinaciones sobre la falsedad de las publicaciones.

Inconformes con el dictamen del foro primario, todos los demandados acudieron ante el Tribunal de Apelaciones mediante sendos recursos de apelación. El tribunal intermedio confirmó la sentencia apelada en cuanto a la señora Marrero, El Vocero y sus agentes o empleados. No obstante, revocó la orden de publicar un extracto de la sentencia dictada.

Además, en su dictamen, el Tribunal de Apelaciones revocó la sentencia apelada en cuanto al codemandado Santiago Rivera y ordenó la desestimación de la demanda en su contra. Explicó, que las expresiones que éste hiciera no se referían directamente a la demandante, por lo que ésta no tenía causa de acción en su contra. Añadió que, de todas formas, el licenciado Santiago Rivera no podía ser demandado por expresiones realizadas en el descargo de su responsabilidad de representar la posición de su cliente en un procedimiento autorizado por ley.

Inconformes con la sentencia del Tribunal de Apelaciones, todas las partes, excepto claro está el codemandado Santiago Rivera, acudieron ante nosotros. La demandante, Iris Meléndez Vega, presentó una petición de *certiorari*, numerada CC-2007-827, en la que impugnó la desestimación de la demanda en cuanto al codemandado Santiago Rivera. Por otro lado, Caribbean International News Corp. (El Vocero de Puerto Rico) y los señores Gaspar Roca y José

Purcell, presentaron un recurso denominado "apelación civil", numerado AC-2007-66,[2] mediante el cual solicitaron que se revocara la sentencia dictada en su contra por los foros inferiores. Por último, la codemandada, señora Marrero de Ramos, presentó un recurso también denominado "apelación", numerado AC-2007-67,[3] en el cual solicitó la revocación de la sentencia dictada por el Tribunal de Apelaciones. Expedimos y consolidamos los tres recursos presentados.

Posteriormente, la parte demandante solicitó la desestimación del recurso AC-2007-66 presentado por la prensa bajo el fundamento de falta de jurisdicción de este Tribunal. La parte demandante señaló en su moción que todo indicaba que el recurso AC-2007-66 no fue notificado a una de las partes en este pleito, a saber: al codemandado Santiago Rivera. Aseveró que en la certificación de envío de ese recurso no se indicó que en efecto se había notificado a esta parte, aun cuando se señalaba que el recurso presentado había sido notificado personalmente a las demás partes en el pleito. Explicó que la notificación a todas las partes dentro del término para presentar un recurso ante este Tribunal era un requisito jurisdiccional, razón por la cual, procedía la desestimación del recurso presentado por la prensa.

En atención a los planteamientos de la parte demandante, el 8 de enero de 2008, emitimos una Resolución donde ordenamos a los peticionarios en el caso AC-2007-66, que

---

[2] Acogimos este recurso como una solicitud de *certiorari*.
[3] Este recurso también se acogió como una solicitud de *certiorari*.

mostraran causa por la cual no debíamos desestimar su recurso por falta de jurisdicción de este Tribunal. En su comparecencia, éstos alegaron que habían notificado oportunamente su recurso a todas las partes. En sustento de su alegación, incluyeron una declaración jurada suscrita por el codemandado Santiago Rivera, en la que éste indicaba que su abogado había sido notificado adecuadamente del recurso AC-2007-66. Añadieron, que la omisión de incluir a dicha parte tanto en la carátula del recurso como en la certificación de envío, constituyó un defecto de forma que de ninguna manera afectó los derechos de las partes.

## II.

Comenzamos puntualizando que el hecho de que se dicte sentencia y se desestime la demanda instada respecto a un codemandado no significa, *ipso facto,* que éste haya perdido su condición de parte en el pleito. Subsiste entonces la obligación de notificarle de las incidencias pos sentencia. "'[U]na parte en un pleito 'cesa' como tal y 'sale' del mismo' cuando el tribunal dicta una sentencia final y ésta adviene firme; mientras ello no ocurra dicha parte continuará en el pleito principal." *Rosario, et al. v. Hosp. Gen. Menonita, Inc.*, 155 D.P.R. 49, 58 (2001). *Véase* también, *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642 (1987). Por lo tanto, no hay duda que por no haber advenido final y firme la sentencia dictada por el Tribunal de Apelaciones, el codemandado Santiago Rivera sigue siendo parte en el caso ante nuestra consideración. Por tal razón, existe la

obligación de notificarle todos los recursos en alzada presentados contra la sentencia dictada por el foro apelativo intermedio.

Adviértase lo siguiente. La sentencia dictada por el foro intermedio confirmó y modificó el dictamen original enunciado en este caso. Confirmó sustancialmente la sentencia condenatoria dictada por el foro inferior contra varios de los codemandados y modificó la misma en cuanto uno de ellos. Específicamente, revocó aquella parte de la misma que le había dado curso a la reclamación contra el codemandado Santiago Rivera ordenando la desestimación de la demanda en su contra.

Este último asunto se encuentra ante nuestra consideración luego de presentarse oportuno recurso de revisión. En cuyo caso, si entendemos que ya el codemandado no es parte en el pleito, la demandante no estaría obligada a notificarle su recurso. Esta proposición nos parece naturalmente, un sinsentido. Como poco, ello privaría al litigante, en este caso al codemandado Santiago Rivera, de las garantías procesales que el ordenamiento le reconoce configurándose una clara violación al debido proceso de ley. *Martínez Inc. v. Abijoe Realty Corp.*, 151 D.P.R. 1, 7-8 (2000); *Álvarez v. Arias*, 156 D.P.R. 352, 365 (2002); *Lucero Cuevas v. San Juan Star*, 159 D.P.R. 494, 507 (2003).

Es innegable que el codemandado Santiago Rivera es parte en este caso y como tal, tiene derecho a que se le notifiquen **todos los escritos que se presenten, no meramente el recurso**

**presentado por la parte demandante respecto aquella parte de la sentencia que le afecta directamente.** Debemos destacar que los peticionarios en ningún momento han puesto en duda que el licenciado Santiago Rivera sea parte de este pleito. Tan es así, que su comparecencia se circunscribe a expresar que le notificaron el recurso AC-2007-66.

Por otra parte, la Regla 53.3 de Procedimiento Civil, 32 L.P.R.A., Ap. III, R. 53.3, dispone que "[e]l peticionario notificará la presentación del escrito de *certiorari* a todas las partes o a sus abogados de récord dentro del término para presentar el recurso y en la forma prescrita en la Regla 67." En *Const. I. Meléndez, S.E. v. A.C.*, 146 D.P.R. 743, 748 n. 2 (1998), señalamos que "el concepto de lo que constituye una parte en el ámbito del derecho procesal civil fue ampliado, a raíz de las enmiendas de 1979, las cuales eliminaron el término de partes 'contrarias' o 'afectadas' y lo sustituyeron simplemente por el de 'partes'." Allí, citamos con aprobación lo dicho al respecto por el tratadista Cuevas Segarra, a saber:

> Las Reglas de Procedimiento Civil de 1979 incorporaron un requisito aún más estricto al eliminar el requisito de notificar a las partes contrarias y exigiendo en la Regla 53.3 de Procedimiento Civil que la solicitud de revisión se le notifique a todas las partes independientemente de si son o no contrarias. Si aún bajo la vigencia del requisito de notificación de partes "contrarias o afectadas" se exigió la notificación al rebelde que nunca compareció, menos aún puede soslayarse ese elemento indispensable bajo un criterio legislativo más riguroso. El legislador no acostumbra hacer cosas vacuas. El legislador no escribe cosas redundantes ni cosas inútiles. Cuando se exigió notificación a todas las partes, así debe aplicarse.

*Const. I. Meléndez, S.E. v. A.C., supra*, pág. 748 n. 2.

También sobre lo anterior, nos dice Cuevas Segarra en su *Tratado de Derecho Procesal Civil*, que "[a]l aprobarse la actual Regla 67.1, se eliminó al final de la primera oración la frase 'afectados por los mismos', de manera que quedase claro que hay que notificar a cada una de las partes del pleito, **se entienda o no que el recurso les afecta**." (Énfasis nuestro). Cuevas Segarra, J. A., *Tratado de Derecho Procesal Civil*, San Juan, Puerto Rico, Publicaciones JTS, 2000, Tomo II, pág. 876. Continúa explicando que, "[c]uando las Reglas 53.2 (d) y 53.3 (b) hablan del escrito de apelación y la petición de *certiorari,* claramente indican que se notificará la presentación a todas las partes dentro del término para presentar el recurso. Más diáfano no puede ser. Requiere la notificación a todas las partes sin excepción." *Id.*

Sobre la notificación de los recursos ante este Tribunal, la Regla 39 de nuestro Reglamento establece que "[l]a notificación a las partes se hará dentro del término jurisdiccional o de cumplimiento estricto, según fuere el caso, para presentar el recurso." Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI-A, R. 39. En este caso, por tratarse de una petición de *certiorari* de una sentencia del Tribunal de Apelaciones el término es jurisdiccional. Véase, Regla 20 del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI-A.

De otro lado, hemos señalado que el hecho de "que la notificación se haga 'dentro del término' para solicitar la revisión" es determinante de nuestra jurisdicción. *Campos del Toro v. Ame. Transit Corp.*, 113 D.P.R. 337, 347 (1982); *Pagán v. Alcalde Mun. de Cataño*, 143 D.P.R. 314, 325 (1997). Dicho de otra forma, "[e]l omitir notificar a alguna parte del proceso un escrito apelativo presentado ante este Tribunal, dentro del término dispuesto para ello, nos priva de jurisdicción para entender en el asunto." *Ocean View v. Reina del Mar*, 161 D.P.R. 545, 554 n. 14 (2004).

En cuanto a los métodos de notificación, la Regla 39 de nuestro Reglamento, *supra,* establece que "[l]a notificación se efectuará por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo." En *Eastern Sands, Inc. v. Roig Comm. Bank*, 146 D.P.R. 51, 54 (1998), aclaramos que "cuando la notificación [de un recurso de *certiorari*] se hace por correo, *deberá hacerse por correo certificado con acuse de recibo. …* De este modo queda establecida cumplidamente y sin lugar a dudas la fecha en que se perfeccionó la notificación." (Bastardillas en el original). *Véase*, Cuevas Segarra, *op cit.*, pág. 881.[4]

Por último, es preciso señalar que la Regla 39 además dispone que "[e]n los casos de entrega personal se certificarán la forma y las circunstancias de tal

_____

[4] También se ha dicho que "hay que notifica[r] el recurso por correo certificado con acuse de recibo dentro del plazo jurisdiccional … para que el recurso se perfeccione conforme a derecho y el foro apelativo adquiera jurisdicción." Cuevas Segarra, J. A., *Tratado de Derecho Procesal Civil*, San Juan, Puerto Rico, Publicaciones JTS, 2000, Tomo II, pág. 877.

diligenciamiento, lo que se hará dentro de las próximas setenta y dos (72) horas desde que se efectuó la entrega."

### III.

En el caso que nos ocupa, ante la moción de desestimación presentada por la demandante, ordenamos a los peticionarios en el recurso AC-2007-66, a que mostraran causa por la cual no debíamos desestimar su recurso por falta de jurisdicción de este Tribunal. En su lacónica comparecencia, los demandados-peticionarios aseveraron, concluyentemente, que habían notificado su escrito a la parte codemandada. No informaron sin embargo, si la notificación había sido personal, como lo fue para las otras partes, o si por el contrario, fue por correo certificado. No unieron a su moción ningún documento de recibo que nos permita, fehacientemente, acreditar el método de notificación, así como la notificación propiamente.

Las peticionarios sin embargo, anejaron a su moción una declaración jurada suscrita por el codemandado Santiago Rivera, como "prueba" de que se notificó el recurso presentado. En la declaración jurada se indicó lo siguiente: "Tanto por mi conocimiento personal, como por haberlo corroborado con mi abogado, puedo asegurar que éste (sic) último recibió copia fiel y exacta del recurso de apelación AC-2007-66 presentado por los codemandados periódico El

Vocero y señores Gaspar Roca y José Purcell, el 20 de septiembre de 2007."[5]

Esta escueta declaración se revela insuficiente para evidenciar el cumplimiento con el requisito de notificación dentro del término jurisdiccional. Nótese que ni siquiera se establece cuál fue el método de notificación utilizado. Como señalamos anteriormente, la notificación del recurso de *certiorari* debe hacerse por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. Naturalmente, la mejor manera de evidenciar el cumplimiento con el requisito de notificación es presentando el acuse de recibo correspondiente.[6] Todo abogado experimentado se cerciora de que cuando notifica un escrito mediante entrega personal, quien lo recibe, firme un documento certificando el recibo. Lo lógico hubiera sido que se nos acreditara la notificación mediante copia de ese documento. No ha sido así.

Tampoco el codemandado nos explica por qué tiene conocimiento personal de que su abogado recibió la notificación. Además, el hecho de que la declaración jurada la suscribe el codemandado y no su abogado, quien presuntamente fue la persona que recibió la notificación, desvanece su valor probatorio. Por otra parte, la afirmación

---

[5] El 20 de septiembre de 2007, era el último día del término para presentar el recurso.

[6] Además, como señaláramos, en los casos de entrega personal, debe certificarse la forma y las circunstancias de tal diligenciamiento, lo que no ha ocurrido. Regla 39 del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI-A, R. 39.

del codemandado Santiago Rivera de que corroboró con su abogado el recibo de la notificación, a todas luces constituye prueba de referencia. Dicha afirmación entonces, resulta insuficiente para evidenciar que el recurso en cuestión se notificó adecuadamente. Véase de modo análogo, Regla 36.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.5.

**IV.**

Conforme a los principios anteriormente esbozados, la notificación al codemandado Santiago Rivera del recurso en alzada, dentro del término para presentarlo, es un requisito de carácter jurisdiccional y corresponde a quien ha acudido en alzada acreditar fehacientemente su cumplimiento. En este caso claramente no se ha hecho tal demostración, por lo que estamos impedidos de atender el recurso AC-2007-66.

Lo cierto es que a mi juicio, no hay fundamento legal para no aplicar a este caso nuestra normativa sobre notificación. Máxime, cuando reiteradamente hemos rehusado atender los recursos presentados ante nosotros que no cumplen con este requisito jurisdiccional. *E.g., Eastern Sands, Inc. v. Roig Comm. Bank, supra*, pág. 54. Repetimos, el codemandado Santiago Rivera es parte en este pleito, tan es así, que tenemos ante nuestra consideración un recurso de *certiorari* en el cual se cuestiona la determinación del foro apelativo intermedio de revocar al foro primario quien le impuso responsabilidad. Cómo se puede ser parte para efectos de ese recurso apelativo más no así en los otros recursos

presentados en un mismo caso, es algo que me elude. No olvidemos que se es parte en un pleito, no en un recuso de revisión.

En infinidad de ocasiones hemos expresado que el asunto de nuestra jurisdicción es uno privilegiado y de tal importancia que lo podemos atender *motu proprio.* Este no es un tema intrascendente ni se puede atender livianamente, pues va a la esencia misma de nuestra facultad para resolver. Al cuestionarse nuestra jurisdicción, quien venga obligado a acreditar la misma, tiene que hacerlo de forma fehaciente de suerte que no haya duda de nuestro poder para afrontar y resolver las controversias que se nos plantean. No puedo decir, en puridad, que los peticionarios en este caso han cumplido con este estándar.

Por último, y en mi deseo por comprender la actuación de mis compañeros, me debo plantear si estiman que la filosofía que subyace la Ley de la Judicatura de 2003 les autoriza a atender el recurso. Nuestros pronunciamientos anteriores no permiten tal conclusión. La política de acceso a la justicia contenida en la nueva Ley de la Judicatura, Ley de la Judicatura de Puerto Rico, 4 L.P.R.A. sec. 24a, no es sinónimo de anarquía, permitiendo el incumplimiento rutinario con las Reglas de Procedimiento Civil y los reglamentos de los tribunales. *Gran Vista I, Inc. v. Minerva Gutierrez* Santiago, res. 2 de febrero de 2007, 179 D.P.R. ___, 2007 T.S.P.R. 20. En tal rigor, en *Morán Rios v. Martí Bardisona,*

res. 5 de agosto de 2005, 165 D.P.R. ___, 2005 TSPR 110,

indicamos:

> Si bien al Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los proceso apelativos, **ello no supuso dar al traste con los requisitos mínimos exigidos para atender ordenadamente los recursos que se presentan…. Mucho menos pretendió eliminar los términos jurisdiccionales….** Actuar en contravención de ello, es no apurar adecuadamente cuál fue el verdadero alcance de la Ley de la Judicatura de 2003. (Énfasis nuestro).

Por entender que la decisión de no desestimar el recurso AC-2007-66 es absolutamente contraria a Derecho y evidentemente injusta, disiento.


                                    Anabelle Rodríguez Rodríguez
                                          Juez Asociada